*E-Filed: January 23, 2015*

**NOT FOR CITATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ADAM VILLARREAL,<br><br>  Plaintiff,<br>  v.<br><br>AIRCOM MECHANICAL, INC.; SCOTT GOLDBERG; and DANIEL MUNIER,<br><br>  Defendants.<br>_____/ | No. C13-00180 HRL<br><br>**MEMORANDUM OF DECISION, FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

This case was tried to the court October 9-10, 2014. Counsel filed closing briefs and the matter was taken under submission. The court now issues its Memorandum of Decision (Memorandum), Findings of Fact (Findings), and Conclusions of Law (Conclusions).[1]

The court has endeavored to avoid commingling findings of fact with conclusions of law. However, if any conclusion has inadvertently been labeled as a finding of fact (or vice versa), it should be considered in its true light regardless of the label on it.

**MEMORANDUM OF DECISION**

**A.  Summary of Facts**

Defendant Aircom Mechanical, Inc. is a Sacramento-based Heating, Ventilation and Air Condition ("HVAC") firm with a satellite office in Milpitas. Defendant Scott Goldberg is the

---

[1] The Findings are embedded in the Memorandum, which also includes some explanation of why the Court decided as it did. At times, it discusses the law so that the reader may understand the Findings in context. The Conclusions are separately stated following the Memorandum.

President/CEO of Aircom. Plaintiff Adam J. Villarreal worked for Defendants as a HVAC repairman.

In July 2012, Aircom hired Plaintiff as an apprentice field technician on a probationary basis, for $16 an hour. Plaintiff first trained under the supervision of a service superintendent. Once the training period ended, Plaintiff was assigned to work independently on non-emergency and preventive maintenance jobs. Plaintiff was allowed to use a company vehicle for commuting to the various maintenance jobs or to the office.

When he was first hired, Plaintiff was given a copy of Aircom's employment handbook, which contained Aircom's company policies. The employee handbook requires employees to record the actual time spent on each task performed, and does not distinguish between driving time between jobs, time spent performing HVAC maintenance work, and preparing reports.

Plaintiff was required to manually track the hours that he worked. Plaintiff was given Service Technician Time Logs to complete and turn in on a weekly basis. Plaintiff certified the time logs as "true and complete." However, Plaintiff claims that the entries on the time logs for each job reflect the time allotted by Aircom for completing it, as opposed to the actual time he worked. In addition, Plaintiff claims that he did not record driving time, breaks, or time spent preparing reports in his time logs. Plaintiff also claims that he did not take lunch breaks when he was working alone in the field. During his employment, Plaintiff did not inform anyone at Aircom that the hours recorded in his time logs did not accurately reflect the number of hours worked.

In November 2012, Plaintiff was terminated for poor performance and disrespect to his supervisors.

In January 2013, Plaintiff filed suit against Aircom, Goldberg, and Daniel Munier.[2] The first amended complaint (the operative complaint) asserts: (1) failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216(b), and 255(a); (2) violation of statutory duty for breach of California Labor Code §§ 1194, 1194.2, 1771, and 1774; (3) violation of California Labor Code § 226 (wage stubs and record keeping); (4) failure to provide rest periods or compensation in lieu thereof in violation of California Labor Code §§ 203, 226, 226.7, 1194, and

---

[2] Munier was dismissed from this action on April 17, 2013.

Wage Orders; (5) failure to provide meal periods or compensation in lieu thereof in violation of California Labor Code §§ 203, 226, 226.7, 512, and 1194; (6) violation of California Labor Code § 203 (waiting time penalties); and (7) penalties and wages for labor violating pursuant to California Labor Code §§ 2698 and 558.  Each of these claims will be addressed in turn.

**B.     Unpaid Wages (Claims 1 and 2)**

**1.     Hours Worked Beyond Time Logs**

At trial, Plaintiff testified that he was instructed to record on his time logs the time allotted by Aircom for completing each maintenance job, as opposed to the actual time worked.  According to Plaintiff, for jobs that were allotted between one and two hours, the allotted time was insufficient for driving to the job site and performing the assigned preventive maintenance.  As a result, the time that Plaintiff recorded on his time logs did not include the time spent driving between job sites.  Plaintiff also did not record the time he spent preparing reports, and driving to the office to pick up filters and drop off or pick up paperwork.  According to Plaintiff, this means that Plaintiff was not compensated for this time spent driving between job sites, preparing reports, and driving to the office.

Plaintiff's allegation that he was instructed to record the time allotted for each maintenance job on his time logs is supported only by his own testimony.  At trial, Plaintiff testified that Antonio Pino, Aircom's field foreman, told him to record the allotted time from the preventive maintenance reports on his time logs.  During his deposition taken eight months earlier, however, Plaintiff testified that he recorded the allotted time on his time logs because he was "fresh out of school" and "didn't really want to create a rift."  Villarreal Dep. at 51.  Pino testified at trial that he did not tell Plaintiff to record the allotted time for the preventive maintenance jobs on his time logs.

In regards to the actual number of hours Plaintiff claims to have worked in addition to the hours recorded on his time logs, Plaintiff's testimony is highly inconsistent.  First, Plaintiff's testimony at trial contradicted his deposition testimony, in regards to both the amount of additional time worked and the tasks performed during that time.  For instance, in his deposition, Plaintiff testified that on September 13, 2012, he spent an additional 45 minutes driving between jobs.  During trial, however, Plaintiff testified that on September 13, he spent an additional hour drafting

proposals. Furthermore, during his deposition, Plaintiff testified that he spent an additional 30 minutes driving on July 30, 2012. During trial, however, Plaintiff testified that on July 30, he spent an additional 30 minutes writing proposals. Moreover, Plaintiff testified at his deposition that he did not recall working any overtime after October 6, 2012. At trial, however, Plaintiff testified that he was not paid for three hours of overtime on October 8, 2012 and 2.5 hours of overtime on October 9, 2012.

Second, Plaintiff's testimony during direct examination contradicted his testimony during cross-examination. During direct examination, Plaintiff testified that he worked an additional three hours on October 8, 2012 and an additional 2.5 hours on October 9, 2012. During cross-examination, however, Plaintiff testified that he worked an additional two hours on October 8 and an additional one hour on October 9.

Plaintiff was unaccompanied during each pay period he claims to have worked additional hours, meaning that the only evidence Plaintiff presented to the court in support of this claims for unpaid hours is his own testimony. Plaintiff's testimony is inconsistent, and is given little weight by the court. Accordingly, Plaintiff has failed to show by a preponderance of the evidence that he worked more hours than the number indicated on his time logs.

### 2. Payroll Errors

Under both federal and state law, overtime pay is generally due to non-exempt employees for all hours worked over forty hours per week, at the rate of one-and-one-half times the employee's regular rate of pay. 29 U.S.C. § 207(a)(1); 29 C.F.R. §§ 778.100-778.101; Cal. Lab. Code § 510. Under California law, overtime pay at the rate of one-and-one-half times the employee's regular rate of pay is also due to non-exempt employees for all hours worked over eight hours per day. Cal. Lab. Code § 510.

Aircom's payroll department made two errors while processing Plaintiff's time logs. First, Dorothy Aden, Aircom's head of accounting, testified at trial that for the time log for the week ending on July 30, 2012 (Exh. 5:4), she made a mistake by not accounting for one hour of overtime. Specifically, Plaintiff was given only 1.5 hours of overtime for July 26, 2012, when he should have been given 2.5 hours of overtime. Trial Trans. at 215. Plaintiff is owed an additional $8 for the

week ending on July 30, 2012. Because Plaintiff worked over forty hours for this week, overtime pay was due to Plaintiff under both California and federal law.

Second, Aden testified that for the time log for the week ending on November 2, 2012 (Exh. 5:17), Plaintiff was not paid for one hour of overtime. Plaintiff's time log indicates that he worked 8.5 hours on both October 22, 2012 and October 26, 2012. Exh. 5:17. The time log indicates that he worked a total of 38 hours that week, for which he was paid regular time. *Id.*; Trial Trans. at 220. Plaintiff was not paid for the half hour of overtime he worked on both October 22 and October 26, for a total of one hour of unpaid overtime. Trial Trans. at 220. As a result, Plaintiff is owed an additional $8 for this week. *Id.* Because Plaintiff worked under 40 hours for this week, he is owed overtime pay under California law, but not under federal law.

Defendants concede these two payroll errors. Overall, Plaintiff was underpaid by a total of $16.

### 3. Liquidated Damages

Under 29 U.S.C. § 216(b), "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

Here, Plaintiff is owed $8 in unpaid wages due to a violation of 29 U.S.C. § 207, as explained above. Accordingly, Plaintiff is owed $8 in liquidated damages.

### C. Lack of Compliant Time Sheets (Claim 3)

Plaintiff contends that his time records did not comply with Cal. Lab. Code § 226 because they did not contain the time he began and ended his work day, but rather listed lump sum time intervals primarily in hour blocks and 30 minute increments.

Under Cal. Lab. Code § 226, "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing." Cal. Lab. Code § 226. This statute

concerns wage stubs, not timesheets or any document or system used by employees to record time worked.

At trial, Plaintiff produced no evidence demonstrating that his pay stubs were noncompliant. Rather, Plaintiff sought to demonstrate that Aircom did not provide Plaintiff with compliant time logs for him to record his time on. Accordingly, Plaintiff has failed to prove that Defendants violated Cal. Lab. Code § 226.

### D. Failure to Provide Rest Breaks (Claim 4)

The parties stipulated to the dismissal without waiver of costs of Plaintiff's fourth claim, failure to provide rest periods or compensation in lieu thereof in violation of California Labor Code §§ 203, 226, 226.7, 1194, and Wage Orders**.** Trial Trans. at 89-90.

### E. Failure to Provide Meal Periods (Claim 5)

Under California law, a 30 minute meal period must be provided to employees who work more than six hours in a day. IWC Wage Order 4-2001(11)(B); *see also Brinker v. Super. Ct.*, 273 Cal. 4th 1004, 1028 (2012). The remedy is one extra hour of pay if the meal period is not provided. *See* Cal. Lab. Code §§ 512, 226.7.

The only evidence Plaintiff offered in support of this claim is his own testimony that he was unable to take meal periods two or three times a week because he was too busy. As explained above, however, Plaintiff's testimony was not credible. Plaintiff testified that he was always paid for meal periods when he was working with other technicians, and only skipped lunch when he was working alone. In addition, Plaintiff admitted that no one at Aircom ever instructed him not to take a meal period.

Accordingly, Plaintiff has failed to show by a preponderance of the evidence that he did not receive meal breaks.

### F. Waiting Time Penalties (Claim 6)

Under Cal. Lab. Code § 203, an employee's wages shall continue as a penalty for up to 30 days if an employer willfully fails to pay an employee. According to 8 C.C.R. § 13520, "A willful failure to pay wages within the meaning of Labor Code Section 203 occurs when an employer intentionally fails to pay wages to an employee when those wages are due." "The settled meaning

of 'willful,' as used in section 203, is that an employer has intentionally failed or refused to perform an act which was required to be done." *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1201 (2008). An employer's good faith mistaken belief that wages are not owed may negate a finding of willfulness. *Road Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc.*, 102 Cal. App. 4th 765, 782 (2002).

As discussed above, the only unpaid wages owed to Plaintiff result from two inadvertent calculation errors by the payroll department. Neither Aircom nor Plaintiff discovered these errors until the present case was filed. Accordingly, at the time of Plaintiff's termination, Aircom had a good faith mistaken belief that wages were not owed. This negates a finding of willfulness. Defendants do not owe Plaintiff waiting time penalties under Cal. Lab. Code § 203.

**G.     Civil Penalties Under the Private Attorney General Act of 2004 (Claim 7)**

"An employee plaintiff suing . . . under the Labor Code Private Attorneys General Act of 2004, does so as the proxy or agent of the state's labor law enforcement agencies. The act's declared purpose is to supplement enforcement actions by public agencies, which lack adequate resources to bring all such actions themselves. In a lawsuit brought under the act, the employee plaintiff represents the same legal right and interest as state labor law enforcement agencies—namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor Workforce Development Agency." *Arias v. Super. Ct.*, 46 Cal. 4th 969, 986 (2009) (internal citations omitted). The employee plaintiff may bring the action only after giving written notice to both the employer and the Labor and Workforce Development Agency. Cal. Lab. Code § 2699.3(a)(1). Seventy-five percent of any civil penalties recovered must be distributed to the Labor and Workforce Development Agency and 25% is distributed to the employee plaintiff. Cal. Lab. Code §§ 2699.3, 2699(i).

In this case, Plaintiff sent a letter to Aircom and the Labor and Workforce Development Agency putting Defendants on notice of penalties under Cal. Lab. Code § 210, Cal. Lab. Code § 558(a), and Cal. Lab. Code § 226-226.6.

First, Cal. Lab. Code § 210 is inapplicable here. Section 210 establishes penalties for violations of Cal. Lab. Code § 201.3 (temporary workers), Cal. Lab. Code § 204 (semimonthly

7

payments), Cal. Lab. Code § 204b (weekly payments), Cal. Lab. Code § 204.1 (employees of vehicle dealers), Cal. Lab. Code § 204.2 (executive, administrative, and professional employees), Cal. Lab. Code § 205 (agricultural and domestic employment), Cal. Lab. Code § 205.5 (agricultural employees), and Cal. Lab. Code § 1197.5 (equal pay between sexes). Cal. Lab. Code § 210 is exclusive to those sections, making it inapplicable here.

Second, Cal. Lab. Code § 558 only applies to violations of Cal Lab. Code §§ 500-56. Of these sections, Plaintiff only alleges a violation of Cal. Lab. Code § 512, mandating that meal periods be given to employees. Civil penalties for each state law wage claim are premised upon the establishment of earned, unpaid wages by Plaintiff. Cal. Lab. Code § 558(a)(1). Because Plaintiff has failed to prove any unpaid meal breaks, as explained above, he is not owed any penalties.

Third, as discussed above, Cal. Lab. Code § 226 (wage stubs) is inapplicable here.

Accordingly, Plaintiff is not owed any civil penalties under the Private Attorneys General Act of 2004.

### H.  Individual Liability of Goldberg

FLSA liability extends to "any person" acting in the employer's interest in dealing with employees. 29 U.S.C. § 203(d). "Where an individual exercises control over the nature and structure of the employment relationship, or economic control over the relationship, that individual is an employer within the meaning of the [FLSA], and is subject to liability." *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009) (internal quotation marks omitted). In contrast, California law does not impose personal liability on corporate officers or directors for wages owed by a corporate employer. *See Reynolds v. Bement*, 36 Cal. 4th 1075, 1085 (2005).

Here, Goldberg was the CEO of Aircom while Plaintiff was working there. As one of only two shareholders, he owned Aircom for over thirty years. At trial, he testified that he set and had the power to modify corporate policy. Goldberg is an employer within the meaning of the FLSA. Accordingly, Goldberg is liable for Aircom's violation of 29 U.S.C. § 207, discussed above.

### I.  Conclusions of Law

1. Plaintiff has failed to show by a preponderance of the evidence that he worked more hours than the number indicated on his time logs.

2. Aircom is liable to Plaintiff for a total of $16 for two payroll errors for the weeks ending on July 30, 2012 and November 2, 2012.

3. Aircom is liable to Plaintiff for $8 in liquidated damages under 29 U.S.C. § 216(b).

4. Aircom is not liable for any of Plaintiff's claims based upon a failure to provide accurate pay stubs and records under Cal. Lab. Code § 226.

5. Plaintiff's claim for failure to provide rest periods or compensation in lieu thereof is dismissed without waiver of costs.

6. Aircom is not liable for Plaintiff's claim based upon a failure to provide meal breaks.

7. Aircom is not liable to Plaintiff for waiting time penalties under Cal. Lab. Code § 203.

8. Aircom is not liable for Plaintiff's claim under the Private Attorney General Act of 2004.

9. Goldberg is individually liable for Aircom's violation of 29 U.S.C. § 207.

The parties shall jointly submit a proposed Judgment.

Dated: January 23, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C13-00180 HRL** **Notice will be electronically mailed to:**

Huy Ngoc Tran    huy@jawlawgroup.com, brisa@jawlawgroup.com, oriana@jawlawgroup.com, tomas@jawlawgroup.com

Thomas Blaine Sheridan    tsheridan@sheridanclark.com, msheridan@sheridanclark.com

Tomas Eduardo Margain    Tomas@jawlawgroup.com, brisa@jawlawgroup.com, huy@jawlawgroup.com, margainlaw@hotmail.com, oriana@jawlawgroup.com, phung@jawlawgroup.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**