1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                               SAN JOSE DIVISION

11

12   ADAM VILLARREAL,                      Case No.  5:13-cv-00180 HRL

                  Plaintiff,
13                                          **ORDER GRANTING IN PART AND**
                                            **DENYING IN PART PLAINTIFF'S**
14         v.                               **MOTION FOR ATTORNEY'S FEES**
                                            **AND COSTS**
15   AIRCOM MECHANICAL, INC.; SCOTT
     GOLDBERG; and DANIEL MUNIER,           [Re:  Dkt. 64]
16                Defendants.

17          Adam Villarreal brought this wage-and-hour suit, alleging violations of federal and state

18   labor laws and asserting seven claims for relief.  Essentially, the first two claims were based on

19   defendants' alleged failure to pay him for overtime work.  The other five claims sought waiting

20   time and other penalties and alleged that defendants did not provide Villarreal with accurate wage

21   statements or with meal and rest periods (or compensation in lieu thereof).  The parties later

22   stipulated to the dismissal of the rest period claim, without waiver of costs.

23          The matter proceeded to a bench trial, with Villarreal claiming wages and penalties in the

24   amount of $22,936.00, and the court subsequently issued its Memorandum of Decision, Findings

25   of Fact and Conclusions of Law.  On Villarreal's first two claims for relief, the court found that,

26   due to two inadvertent calculation errors by the payroll officer---neither of which were discovered

27   by Villarreal or defendants until the instant case was filed---Villarreal was underpaid $16 for

28   overtime work.  That Villarreal was owed that amount was undisputed.  He was awarded $8 in

United States District Court
Northern District of California

liquidated damages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b).  The court otherwise found that Villarreal did not prove that he worked more hours than those reflected on his time logs.  And, the court concluded that defendants were not liable on any of the other claims for relief.  The net result:   Villarreal obtained a judgment in the amount of $24.

The parties were directed to jointly submit a proposed judgment.  And, the court subsequently entered a proposed judgment that Villarreal is the prevailing party as to the first two claims for relief and that defendants are the prevailing parties on the remaining claims.

Villarreal now moves for $15,000 in attorney's fees and $452.50 in costs.  Defendants oppose the motion.  Upon consideration of the moving and responding papers, and the arguments of counsel, this court will grant the motion, but for a lesser amount than requested.

## LEGAL STANDARD

Whether calculating attorney's fees under California or federal law, courts follow the lodestar approach.  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983), abrogated on other grounds by Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist., 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989).  The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.  Id.

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation."  Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L.Ed.2d 891 (1984)).  "Generally, the relevant community is the forum in which the district court sits."  Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997) (citing Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991)).  The fee applicant has the burden of producing evidence, other than declarations of interested counsel, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.  Blum, 465 U.S. at 896 n.11.

"The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1993).  In determining a reasonable fee, the court may take into account: (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained.  Chalmers, 796 F.2d at 1212.

## DISCUSSION

Defendants' sole contention in opposition to Villarreal's request for fees and costs is that, given his very limited recovery, no award should be made at all.  They rely on Farrar v. Hobby, 506 U.S. 103 (1992), in which the Supreme Court held that a plaintiff who obtains even nominal damages is a "prevailing party," but that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." Id. at 115 (internal quotations and citations omitted).  However, Farrar and other cases defendants cite, are civil rights suits filed pursuant to 42 U.S.C. § 1983.  In such actions, an award of fees to the prevailing party is discretionary.  42 U.S.C. § 1988(b).  By contrast, in cases such as the present one, the FLSA and California law provide that an award of fees and costs to a prevailing party is mandatory.  29 U.S.C. § 216(b); Cal. Labor Code § 1194(a).  Defendants have not cited any authority indicating that this court has discretion to decline to award fees and costs entirely.

Even so, the court does have discretion to determine the reasonableness of any fees to be awarded.  Hensley, 461 U.S. at 437.  Where, as here, "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Id. at 436.  "This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." Id.  As always, "the most critical factor is the degree of success obtained." Id.  "There is no precise rule or formula for making these determinations." Id.  "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited

United States District Court
Northern District of California

3

1    success." Id. at 436-37.  The Ninth Circuit, however, has held that, rather than adjust the lodestar

2    figure to account for limited success, the better approach is to adjust the hourly rate or the

3    calculation of hours claimed.  See Corder v. Gates, 947 F.2d 374, 378 (9th Cir. 1991) ("Since

4    consideration of limited success is presumably subsumed within the initial calculation of hours

5    reasonably expended at a reasonable hourly rate, district courts should not ordinarily make a

6    separate adjustment [to the lodestar figure] for limited success.") (internal quotations and citations

7    omitted).

8         Where a party is only partially successful on his claims, determining an appropriate fee

9    award requires courts to apply a two-part analysis:   First, are the unsuccessful and successful

10   claims unrelated?  If so, the fee award may not include time spent on the unsuccessful claims.

11   Thorne v. City of El Segundo, 802 F.2d 1131, 1141 (9th Cir. 1986) (citing Hensley, 461 U.S. at

12   434-35).  But, if the unsuccessful and successful claims are related, then the court moves to the

13   second part of the analysis and "evaluates the 'significance of the overall relief obtained by the

14   plaintiff in relation to the hours reasonably expended on the litigation.'"  Id. (quoting Hensley, 461

15   U.S. at 435).  Although "[t]he test for relatedness of claims is not precise . . . related claims will

16   involve 'a common core of facts' or will be based on related legal theories, while unrelated claims

17   will be 'distinctly different,' and based on different facts and legal theories."  Id. (quoting

18   Hensley, 461 U.S. at 434).

19        This court finds that Villarreal's successful and unsuccessful claims are related for

20   purposes of the Hensley analysis.  All arose from a common core of facts and concerned

21   defendants' alleged failure to comply with laws governing plaintiff's compensation and records of

22   the same.

23        Acknowledging that his limited recovery must be taken into account, Villarreal's attorneys

24   point out that they are asking for only $15,000 (when they say that they actually billed closer to

25   $40,000).  But, the time to be compensated in any award must still be "reasonable in relation to the

26   success achieved."  Hensley, 461 U.S. at 436.  A $15,000 fee award---i.e, 625 times greater than

27   the $24 judgment---is grossly out of proportion to the extremely limited relief Villarreal obtained.

28   Indeed, Villarreal was largely unsuccessful on his claims for overtime, having failed to establish

that he worked more than the hours reflected on his time logs.  The $24 judgment is based, not on any willful failure by defendants to properly compensate plaintiff, but upon two inadvertent math errors that no one (including Villarreal) was aware of until this suit was filed.  And, the recovery obtained was entirely incidental to the relief he actually sought.

At the same time, however, Villarreal points out that he informed defendants of the payroll errors well before trial.  There being no dispute that Villarreal was owed that money, defendants have not satisfactorily explained why they did not simply tender that sum.  Defendants say that they made a nuisance value settlement demand that far exceeded the $24 Villarreal ultimately recovered.  But, the court is unpersuaded that a nuisance value settlement demand, with various conditions attached, is the equivalent of a tender.

Villarreal's two attorneys, Tomas Margain and Huy Tran, claim hourly rates of $425 and $225, respectively.  (Margain Decl. ¶ 2; Tran Decl., ¶ 26).[1]  Margain has eighteen years of experience.  (Margain Decl. ¶ 4).  Tran has been practicing law since 2012 and performed the identified tasks as a first- or second-year associate.  (Tran Decl. ¶ 28).  Although courts have questioned whether the Laffey Matrix reflects rates in this district, Margain correctly notes that his and Tran's claimed rates are below those in the Laffey Matrix for 2014-2015.  Margain and Tran each provide declarations containing detailed descriptions of their experience and training.  They also point to a fee award obtained in at least one other wage-and-hour case in this district (spanning roughly the same period as the instant action) based on these same rates.  In view of this evidence, the court finds that the claimed hourly rates are reasonable.

As for the time to be compensated, at the motion hearing defendants argued that the court should order a nominal award of $1.  However, the court concludes that the fees to be awarded are more appropriately based on the time spent discovering the two inadvertent payroll math errors.  At the motion hearing, Margain stated that he discovered those errors while reviewing the time loss while Villarreal for deposition.  Although not detailed in the submitted attorney time sheets, Margain said that it took no more than five minutes each to spot the errors in question.

_____

[1] Although Margain states that Tran is claiming an hourly rate of $250, Tran's declaration indicates that at the time he performed the identified tasks, his billing rate was $225/hour.

United States District Court
Northern District of California

1    Accordingly, the court will award fees for ten minutes of Margain's time in the amount of $70.83.

2         As for Villarreal's requested costs, he seeks $350.00 for the court's filing fee and $102.50

3    for fees for service of process.  Defendants contend that no costs should be awarded due to

4    Villarreal's limited success, but failed to cite cogent supporting authority.  At oral argument,

5    defendants acknowledged that the matter could have been better briefed.  So, the court gave them

6    an opportunity to further brief the issue and also gave plaintiff an opportunity to file a

7    supplemental responsive brief if he wished.  Defendants subsequently advised that they would not

8    be filing any supplemental briefing.  Accordingly, finding the requested costs to be reasonable and

9    appropriate, Villarreal is awarded $452.50 in litigation costs.

## ORDER

11        For the foregoing reasons, the court awards Villarreal attorney's fees in the amount of

12   $70.83 and costs in the amount of $452.50.

13        SO ORDERED.

14   Dated:   June 1, 2015

16   _____
     HOWARD R. LLOYD
     UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

6

5:13-cv-00180-HRL Notice has been electronically mailed to:

Huy Ngoc Tran      huy@jawlawgroup.com, brisa@jawlawgroup.com, oriana@jawlawgroup.com, tomas@jawlawgroup.com

Thomas Blaine Sheridan      tsheridan@sheridanclark.com, msheridan@sheridanclark.com

Tomas Eduardo Margain      Tomas@jawlawgroup.com, brisa@jawlawgroup.com, huy@jawlawgroup.com, margainlaw@hotmail.com, oriana@jawlawgroup.com, phung@jawlawgroup.com